24049

In the Interest of JOHNNIE F., a minor under
the age of seventeen years, Petitioner.

(443 S.E. (2d) 543)

Supreme Court

*Sr. Asst. Appellate Defender Wanda H. Haile, S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* and *Asst. Atty. Gen. Teresa A. Knox,* Columbia, *for respondent.*

Submitted Mar. 4, 1994.

Decided Apr. 18, 1994.

*Per Curiam:*

Petitioner filed a petition for writ of certiorari following the denial, after a hearing, of his application for postconviction relief (PCR). We grant the writ, dispense with further briefing, and reverse the findings of the PCR judge.

Petitioner was adjudicated delinquent for driving without a driver's license, discharging a firearm within city limits, and possession of a pistol by a person under age 21. After a disposition hearing, the family court issued an order committing petitioner to indefinite probation under the supervision of the Department of Youth Services. As a condition of probation, the family court ordered petitioner "emancipated from public school attendance," and ordered petitioner "not to be on any

school property nor to attend any school related function." No direct appeal was taken.

Petitioner filed a PCR application challenging the legality of the probation conditions. After a hearing, the PCR judge denied petitioner's request for relief finding that the family court had "inherent authority to emancipate [a] minor from attending school." Petitioner argues that the PCR judge's finding was error. We agree.

The disposition powers of the family court are found in S.C. Code Ann. § 20-7-1330 (Supp. 1993). When a child has been adjudicated delinquent, § 20-7-1330(a) provides that the family court may: "place the child on probation or under supervision in his own home or in the custody of a suitable person elsewhere, upon conditions as the court may determine." However, the statute further provides as follows:

> Probation must not be ordered or administered as punishment, but as a measure for the protection, guidance, and well-being of the child and his family. Probation methods must be directed to the discovery and correction of the basic causes of maladjustment and to the development of the child's personality and character, with the aid of the social resources of the community. . . .

S.C. Code Ann. § 20-7-1330(a) (Supp. 1993).

In this case, In this case, "emancipating" petitioner from school was inconsistent with § 20-7-1330(a). Denying any child an education is punishment which can only adversely affect that child's well-being and the well-being of his or her family. Therefore, we hold that the PCR judge erred in finding that the family court had "inherent authority to emancipate [petitioner] from attending school."

Consequently, we reverse the findings of the PCR judge and vacate that part of the family court order "emancipating" petitioner from public school attendance.

Reversed.

HARWELL, C.J., not participating.